## Hoellman v. Abel.

March 9, 1943.

Robert E. Hogan and Ray H. Kirchdorfer for appellant.

Lawrence S. Grauman for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant brought this action in the Jefferson circuit court against appellee pursuant to the provisions of the Declaratory Judgment Act, section 639a—1 et seq., Civil Code of Practice, seeking a declaration of rights of the parties under and pursuant to a contract of agreement entered into between them on the 7th day of April, 1942.

Appellant and appellee are licensed practicing optometrists. Appellant was practicing his profession in

the city of Louisville, Kentucky, and appellee was practicing in Shelbyville, Kentucky. About April 1, 1942, it became apparent that appellant would be or might be called for military service under the Selective Service Act and in anticipation of being called to the armed forces he and appellee entered into an agreement by the terms of which appellant (party of the first part) leased to appellee (party of the second part) for the duration of the services of appellant in the armed forces of the United States, the good will established by appellant in the practice of his profession as an optometrist in the city of Louisville, Jefferson County, Kentucky, together with his office fixtures and furniture, instruments, books, medicine on hand, etc., for a consideration enumerated in the contract. Clause 2 of the contract reads:

"That upon his return from service in any of the armed forces, said party of the first part agrees to establish a partnership with said party of the second part whereby the parties herein will jointly practice the professions of optometry and will equally divide the profits therefrom."

After setting out the consideration and other conditions and matters not here involved, the contract further provided:

"That the execution of this contract is dependent and conditioned upon the permanent induction of said party of the first part into one of the armed branches of the United States Government. If said party of the first part should be deferred from active participation in the above mentioned branches, then this contract is inoperative."

On April 9, 1942, appellant reported to the local board in Louisville for physical examination and was passed by the local doctors and inducted into the armed forces on that day, and later was passed by the army doctors. He was sent from Louisville to Fort Benjamin Harrison, Indiana, where he stayed approximately four weeks. It appears that for a few years previous to his induction he had been suffering from chronic pleurisy and was still suffering from that trouble while he was at Fort Benjamin Harrison and was kept in bed for about one week. He was then sent to Camp Barkeley, Texas, and stayed there until July 7, 1942, and during that time he continued to suffer from the same trouble.

He was unable to take the usual military training while there because of his physical condition, and on July 7 he was given an honorable discharge and returned to Louisville. After returning to Louisville he was classified in class "4-F" by the local board of Jefferson county, but this was not done until October 30, 1942, sometime after the filing of this action. Soon after appellant's return to Louisville he notified appellee in writing dated July 29, 1942, of his discharge from the army, contending that he had not been "permanently inducted" and had been "deferred" and, therefore, the contract became inoperative, and demanded that appellee restore to him the possession of his office, equipment, etc., which appellee refused to do. Appellant then filed this action for the purposes stated above, setting out the facts substantially as herein stated, asking for a declaration and determination of his rights, particularly:

"1. Whether or not he was ever permanently inducted into any of the armed branches or armed forces of the United States Government;

"2. Whether or not Plaintiff has been deferred from active participation in the armed branches of the United States Government;

"3. Whether or not the contract in question is inoperative and should be cancelled and held for naugh;

"4. Whether or not the Defendant should be required to restore to the Plaintiff possession of all the equipment, office fixtures, furniture and business heretofore by plaintiff turned over to the Defendant.

"5. Whether or not the Plaintiff is entitled to an accounting and settlement by and with the defendant."

Appellee filed his answer in which he denied that appellant was not permanently inducted into the armed forces or military services of the United States, and denied he was deferred from military service in the meaning and contemplation of the rules of the Selective Service Act. The case was referred to the commissioner of the court who heard the evidence and made an investigation of the issues and reported his finding and recommendations to the court. The commissioner filed an opinion in which he set out the facts developed in the

evidence and the attendant circumstances, and his interpretations of the controversial words "inducted," "permanently inducted," and "deferred." For convenience we here copy the pertinent part of the commissioner's opinion:

"Defendant contends that plaintiff was not *deferred* within the meaning of the second paragraph quoted above but that on the contrary he was *permanently inducted* within the meaning of the first paragraph above quoted and that his subsequent discharge by the military authorities was not within the terms of the contract or such as to render it inoperative.

"From this statement of the issue between the parties it is manifest that the decision on the issue rests on the construction to be placed on three words in the contract, to-wit, *deferred, induction* and *permanent*. The first word, 'deferred,' gives us no trouble in this case. It has a well defined meaning in the selective service act and regulations thereunder, i. e., that the local board had the right to postpone the induction of any registrant into the military service for various reasons set out in the act and regulations. The decision of the local board is final, unless appealed from in the manner provided in the regulations. It is quite clear in the present case that the plaintiff was not *deferred* within the meaning of the selective service act, nor within the meaning of the contract. Likewise, we experience little difficulty with the word 'inducted,' which also has a well defined meaning under the selective service act and regulations. A registrant has been inducted when he has to appear before his local board, is passed by its medical examiners on the preliminary or 'screen' examination, passes his blood test at the local hospital or State Board of Health, passes his medical examination at the hands of the army doctors at the induction center and takes the oath as a member of the armed forces of the United States. From the proof in this case, it is quite clear that the plaintiff was *inducted* into the service within the meaning of the selective service act and regulations thereunder.

"The whole question, therefore, hinges on the word *permanent* and the application of the words

*'permanent induction'* to the terms of the contract and it is around this point that the testimony taken in the case principally revolves.

## "What Proof Shows

"Plaintiff's proof shows that after induction into the army at the Armory here on April 9th, 1942, he was sent to Fort Benjamin Harrison at Indianapolis where he stayed approximately a month, one week of which he was ill in his bed and five days of which he spent at home on the usual five day leave; that he was assigned to the medical unit either while there or later at Camp Barkeley the evidence is not clear which; that he did not go thru, while there, the usual basic training of close order drill, bayonet practice, etc., but did the usual work of policing the ground, learning military courtesy, orientation and other class work, took his shots and underwent further physical examinations by army doctors at the post; that he was then sent to Camp Barkeley, Texas, where he attended classes and took lectures required for those assigned to the medical unit but did no other work except making his own bed, and got no further basic training in the way of drills, marches, etc.; that at Camp Barkeley he developed a cough, was confined to the hospital and after x-ray and other examinations his condition was diagnosed as chronic pleurisy and he was discharged from the army on July 7th, 1942, after approximately three months in the service. Later, on October 30th, 1942, he was reclassified by his local board in Class 4-F.

"Defendant's proof shows he took over plaintiff's office under the contract on April 9th, 1942, the date of his induction, but that he did not move his own equipment and close his own office at Shelbyville until after he had learned that plaintiff had been sent from Fort Harrison to Camp Barkeley in Texas, so as to be sure that he was inducted, at which time, practically a month after plaintiff's induction, he did close his own office at Shelbyville, moved his equipment to plaintiff's office in Louisville and has since carried out the contract under its terms.

"Under the circumstances as thus briefly outlined, plaintiff thinks he has not been permanently inducted within the meaning of the contract and

that it should be declared inoperative so that he can be restored to his original status as the sole owner and operator of his own business. On the other hand, the defendant thinks that plaintiff was permanently inducted within the meaning of the contract, that defendant altered his own status on the faith of that induction and that plaintiff's subsequent discharge after three months is immaterial. He concedes that plaintiff's services in the army are now terminated within the meaning of paragraph 1 of the contract, thus terminating the lease of the good will, equipment, etc., referred to therein, but that plaintiff is now obligated to carry on a partnership with the defendant as provided in paragraph 2 of the contract.

## "Commissioner's Views

"While the situation brought about by plaintiff's discharge from the army within three months of his induction was probably not contemplated by him and while it is probable, and we will assume that he would not have entered into the contract if that had been anticipated, still it was a contingency which he did not guard against and provide for in the contract written up by his lawyer and, unfortunate as it is to him, as your Commissioner sees it, he must abide the consequences. Construing the contract strictly within its terms, your Commissioner is forced to conclude that plaintiff was not deferred but that he was permanently inducted into the service and that his discharge some three months later did not alter his rights and liabilities under the contract. The defendant altered his status in good faith and reliance on the terms of the contract and could probably not be restored to his original status without loss. He is, therefore, entitled to have the partnership continue under the terms of paragraph 2 of the contract until same is dissolved by mutual consent under a new contract."

Appellant filed exceptions to the commissioner's report, which exceptions the court overruled and confirmed the report and entered judgment in favor of appellee in accordance with the commissioner's report and recommendations, to which appellant excepted and prayed an appeal which was granted.

The chancellor also wrote a brief opinion in which he pointed out pertinent facts and reasons in support of his conclusions. We have examined the record for ourselves and find that the facts and attendant circumstances are clearly stated in the opinions of the commissioner and chancellor, and we agree with them in their conclusions reached and the reasons therefor and approve of and adopt the same as the opinion of this court. We may add, however, that we do not mean to fix any permanent or standard definition of the words "inducted," "permanently inducted," and "deferred" as used in the Selective Training and Service Act of 1940, 50 U. S. C. A. Appendix, Section 301 et seq., to be applied in all cases and circumstances, since perhaps that is more properly a province of the military authorities. Our purpose here goes no further than to construe those words in the light of the facts and circumstances disclosed in this record and give to those terms such application and meaning as contemplated by the contracting parties. As said by the chancellor,

"The case turns not upon the technical construction of the draft regulations but upon the reasonable intention of the parties to be drawn from the language of the contract under the circumstances of its execution."

Had appellant been deferred by the local board before his induction into the army or, had he been inducted for a limited time or purpose, making it manifest that his services or stay in the army would soon end, a different question would be presented. But, since he was not deferred before his induction and had passed his physical examinations and was accepted into the army and assigned to military duties and services in the customary and usual manner, all of which was done before appellee closed his office at Shelbyville and took charge of appellant's office pursuant to the contract, we think appellee acted reasonably in the premises and had the right to treat appellant's induction as being permanent within the meaning of the contract. It may be conceded that neither of the contracting parties anticipated the situation that finally developed, but unfortunately for appellant he did not protect himself against such contingency by the terms of the contract which he or his own counsel prepared for him.

The judgment of the chancellor being in harmony with our views, it is accordingly affirmed.

Whole Court sitting.